JOSEPHINE LINKER HART, Justice, dissenting. The watershed event in this trial occurred when the prosecutor, John Hout, willfully withheld from the defense the fact that Trenell Emerson had completely changed his story and was prepared to testify that he was an eyewitness to the murder. No one disputes that Hout flagrantly violated Arkansas Rule of Criminal Procedure 17.1. Rule 17.1(a)(ii)[1] requires the State to disclose the substance of any oral statement made by a defendant or codefendant. Rule 17.1(d)[2] requires disclosure of all | ^exculpatory evidence. The circuit court made an express ruling that the prosecutor’s conduct was wrongful. It is also important to emphasize that no one disputes that the prosecution’s conduct was prejudicial to Maiden. The circuit court likewise made an express finding on that issue. The problem with this case arises in the majority’s assessment of where the prejudice lies, and what — if anything — could reasonably cure this prejudice. Under facts less egregious than the case before us, this court in Clements v. State, 303 Ark. 319, 796 S.W.2d 839 (1990), held that nothing short of declaring a mistrial was warranted. The majority has erred in rejecting the clear guidance of this worthy decision. The majority believes that the prejudice could be cured by Hout’s half-hearted mea culpa, additional cross-examination, and an admonishment to the jury to disregard the defense’s opening statement. This belief reflects the majority’s failure to grasp the full extent of the damage that the prosecution’s unlawful conduct had on Maiden’s defense. In the only statement that the prosecution provided to the defense, Emerson stated that he did not witness the murder. This led Maiden’s attorneys to craft a defense in which they sought to establish reasonable doubt as to the identity of Ky-laus Williams’s shooter. In laying out this defense in opening statement, Maiden’s trial counsel repeatedly asserted that no one would testify at trial that they had witnessed the murder. Emerson’s testimony destroyed the foundation upon which the defense built its theory 12sof the case. It left Maiden’s defense team scrambling to re-tool its defense midtrial. Moreover, and perhaps more important, Emerson’s testimony destroyed any credibility Maiden’s defense team had with the jury. It is troubling that the majority ignores the significance of this fact. In federal habeas proceedings, merely promising a defense, or an aspect of a defense, in opening statement and failing to deliver that defense, or aspect of that defense has been held to be ineffectiveness of counsel, necessitating a new trial. United States ex rel. Hampton v. Leibach, 347 F.3d 219 (7th Cir.2003); Ouber v. Guarino, 293 F.3d 19 (1st Cir. 2002); Anderson v. Butler, 858 F.2d 16 (1st Cir.1988). However, we need not look beyond our own jurisprudence to see the proper “cure” for the prosecutorial misconduct. This court has already decided in Clements that a mistrial is warranted. The majority’s attempt to distinguish Clements from the case before us falls well short. The majority cites as the distinguishing facts (1) the witness in Clements, Kenneth Vainer, was an “unbiased witness” and (2) the “trial jury was unaware for eight days that it had heard a story from [a witness] which was totally inconsistent with the one he told the grand jury.” It is worth noting, however, that while Vainer was the only unbiased witness to place Clements at the crime scene, he was not the only witness. Clements’s wife, a codefendant, testified that she was present when her husband murdered Conway Police Officer Ray Nob-litt. She heard Clements threaten Noblitt and she heard the gunshots that cost the officer his life. In the case before us, Emerson was the only witness to testify that he saw Maiden shoot Williams. Further, while it is true that this court states that the trial jury did not see Vainer confronted with his grand jury testimony until eight days after he had |9R testified, it is important to note that the State provided the grand jury testimony two days after Vainer testified. In the case before us, Hout never provided Emerson’s statements to the defense. It became obvious only during his testimony that Maiden’s defense team had been ambushed. Clements is like the case at bar, because both cases involved initial witness statements to police that had been provided to the defense. In both cases those witness statements indicated that the witness had no vital evidence. Likewise, the star witnesses in both cases, Vainer and Emerson, made undisclosed office visits to the prosecution that provided the State with the substance of their trial testimony, which differed dramatically from the initial statements. Finally, both the circuit court in Clements and the circuit court in the case before us attempted to cure the prejudice to the defendant by recalling the witness and giving the defendant his full right to confrontation. The doctrine of stare deci-sis requires that this court reverse the circuit court for failing to order a mistrial. Our adversarial system of justice simply cannot tolerate the tactics that the State employed in this case. I would reverse and remand this case for a new trial. BAKER, J., joins. . Prosecuting attorney’s obligations (a) Subject to the provisions of Rules 17.5 and 19.4, the prosecuting attorney shall disclose to defense counsel, upon timely request, the following material and information which is or may come within the possession, control, or knowledge of the prosecuting attorney: [[Image here]] (ii) any written or recorded statements and the substance of any oral statements made by the defendant or a codefendant; . (d) Subject to the provisions of Rule 19.4, the prosecuting attorney shall, promptly upon discovering the matter, disclose to defense counsel any material or information within his knowledge, possession, or control, which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the punishment therefor.